1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                        EASTERN DISTRICT OF CALIFORNIA

8

9   CURTIS SCOTT,                          No.  1:16-cv-00386-DAD-SKO

10              Petitioner,                 **FINDINGS AND RECOMMENDATION
                                            FOR DISMISSAL OF PETITION FOR
11       v.                                 LACK OF JURISDICTION**

12   CHRISTIAN PFEIFFER, Warden, Kern
     Valley State Prison
13                                          **(Doc. 12)**
                Respondent.
14

15          Petitioner Curtis Scott is a state prisoner proceeding *pro se* with a petition for writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Christian Pfeiffer, Warden of Kern

17
     Valley State Prison, moves to dismiss the petition, contending that because Petitioner's claims do
18
     not challenge the fact or duration of his physical imprisonment, they are not cognizable in a
19
     habeas proceeding.  The undersigned agrees that the petition does not concern the "core of
20
     habeas" and recommends that the Court dismiss the petition for lack of habeas jurisdiction.
21
22   I.      **Procedural and Factual Background**

23          Petitioner was convicted of petty theft with prior offenses (California Penal Code §§ 664
24
     and 484) and with multiple enhancements (California Penal Code § 667.5(b)) in Monterey
25
     County Superior Court in 1998.  The Superior Court sentenced Petitioner to an indeterminate
26
     prison term of 25 years to life.  On June 27, 2006, while serving the Monterey County sentence,
27
     Petitioner was convicted in Amador County Superior Court of one count of battery on a non-
28

                                              1

prisoner by an inmate (California Penal Code § 4501.5) and one count of resisting an executive officer (California Penal Code § 69).  For these convictions, the Superior Court imposed an additional aggregate, indeterminate sentence of 50-years-to-life.

In February 2014, Petitioner received a rules violation report for threatening a correctional officer (Cal. Code Regs., tit.15, § 3005(d)).  In an April 2014 disciplinary hearing, Petitioner was found guilty and assessed a 60-day credit loss.  After Petitioner exhausted administrative remedies, he filed a petition for writ of habeas corpus in Kings County Superior Court, claiming due process violations in the disciplinary hearing process.

On December 4, 2014, the Superior Court denied the petition.  The California Court of Appeal denied the petition on April 17, 2015.  The California Supreme Court denied the petition on February 17, 2016.

## II.    Petitioner's Claim Does Not Lie at the Core of Habeas

The pending motion to dismiss requires the Court to analyze recent case law addressing whether losses of good time credits in prison disciplinary proceedings are properly addressed in habeas corpus or in § 1983 civil rights actions.

In *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc) ("*Nettles II*"), *superseding* 788 F.3d 992 (9th Cir. 2015), the Ninth Circuit Court of Appeals sought to resolve the ambiguity of when a state inmate seeking return of good time credits lost in a disciplinary action may pursue habeas relief under 28 U.S.C. § 2254 and when the inmate must file a § 1983 complaint.  The court held that any claim that concerns the fact or duration of a conviction or sentence must be addressed in a habeas proceeding.

Nettles, who was serving a determinate term of 12 years and a life term with possibility of parole, sought expungement of a February 2008 rules violation report and restoration of thirty-days lost post-conviction credits.   830 F.3d at 927.  After exhausting administrative and state

remedies, Nettles filed a habeas petition pursuant to 28 U.S.C. § 2254.  The district court dismissed his petition, holding that Petitioner could not prove that expungement of the rules violation report and restoration of lost credits were likely to accelerate his eligibility for parole. 830 F.3d at 927.  A Ninth Circuit panel agreed and denied habeas jurisdiction because of Nettles' indeterminate sentence: "Without knowing how many years Nettles will serve before the Board finds him suitable for parole or the length of his base term, we cannot conclude that restoration of the lost good-time credits would necessarily affect the duration of Nettles' confinement if and when the Board finds him suitable for parole." *Nettles I*, 788 F.3d at 1004.

Following rehearing *en banc*, the *Nettles II* court rejected prior case law to the extent that it considered habeas jurisdiction to depend on the likelihood that the petitioner's claim would lead to an earlier release or reduction in the duration of confinement.   830 F.3d at 931.  The court opined that analyzing habeas jurisdiction by attempting to calculate the probability that a claim will lead to earlier release or could potentially effect the duration of confinement does not provide a helpful measure by which a prisoner can determine whether a claim may be brought in a habeas petition.  *Id.*  Accordingly, in *Nettles II*, the Ninth Circuit adopted the rule that "if a prisoner's claim does not lie at 'the core of habeas corpus,' [*Preiser v. Rodriguez*, 411 U.S.475, 487 (1973)], it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983, [*Skinner v. Switzer*, 562 U.S. 521, 535 n. 13 (2011)]."  *Id.*  In other words, "[i]f the prisoner's claim challenges the fact or duration of the conviction or sentence, compliance with [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] is mandated, while if the claim challenges any other aspect of prison life, the prisoner must comply with the [Prison Litigation Reform Act ("PLRA")]."  *Id.*

Applying its holding to Nettles' habeas petition, the *Nettles II* court rejected Nettles' claim that expunging his 2008 rules violation report would likely result in his next parole hearing being

held at an earlier date.  *Id.* at 934.  Under California law, the parole board must consider all relevant and reliable information in its determination whether the prisoner "constitutes a current threat to public safety."  *Id.* at 935 (quoting *In re Lawrence*, 44 Cal. 4th 1181, 1213 (2008)).  The parole board may deny parole "on the basis of any of the grounds presently available to it."  *Nettles II*, 2016 WL 4072465 at 935 (quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  As a result, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole."  *Nettles II*, 830 F.3d at 935.

Where a petitioner's success on his habeas claims would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus."  *Id.*  Accordingly, the Ninth Circuit held that Nettles' claim must be brought in a § 1983 action.  *Id.*

The analysis and outcome are the same in this case.  Petitioner seeks to set aside the disciplinary rule violation against him that resulted in a 60-day credit loss.  Because the California parole board's parole determination encompasses all relevant and reliable information regarding whether Petitioner constitutes a current threat to public safety, expunging Petitioner's 2014 rules violation report will not necessarily result in his securing parole or an earlier release.  Under the *Nettles II* analysis, his claims are not within the core of habeas corpus and must be pursued in an action pursuant to 42 U.S.C. § 1983.  Accordingly, the undersigned recommends that the Court dismiss the petition for lack of habeas jurisdiction.

**III.    Converting The Petition to a § 1983 Action Would Be Inappropriate**

In addition to clarifying federal courts' habeas jurisdiction to claims within the core of habeas, the *Nettles II* court provided that a district court may construe a habeas petition to plead a civil rights claim after notifying the prisoner and obtaining his informed consent.  830 F.3d at 935-36.  The undersigned recommends that the Court decline to do so in this case.

4

To be converted to a § 1983 action, the petition must be amenable to conversion "on its face," that is, it must name the correct defendant(s) and seek the correct relief. *See id.* at 936. Respondent Christian Pfeiffer, the warden of Kern Valley State Prison, would not be an appropriate defendant in a civil rights action since Petitioner's claims do not address Pfeiffer's conduct. The petition would also require substantial amendment to recast its six grounds for relief as civil rights claim and to identify and link the defendants allegedly responsible for each claim.

## IV.   Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B)  the final order in a proceeding under section 2255.

> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

///

5

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication.  Accordingly, the Court declines to issue a certificate of appealability.

**V.      Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus without prejudice to Petitioner's filing his claims in a separate action under 42 U.S.C. § 1983 and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District

Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **October 25, 2016**                        /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

7